IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EVERTON BARTLEY, :
    Plaintiff :
 :
v. : CIVIL NO.4:CV-05-2350
 :
 : (Judge Jones)
JOSEPH V. SMITH, WARDEN, :
    Defendant :

## ORDER

January 23, 2007

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This pro se civil rights action was filed by Everton Bartley, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania. Named as Defendant is Warden Joseph V. Smith. Service of the complaint was previously ordered.

On June 12, 2006, the Defendant filed a motion to dismiss or in the alternative, for summary judgment. See doc. 18. After Plaintiff failed to respond to the Defendant's dispositive motion, this Court issued an Order on December 18, 2006, granting Bartley a final opportunity to January 22, 2007 in which to file and serve a response to the pending dispositive motion.[1] The Order,

---

[1] M.D. Pa. Local Rule 7.6 provides that documents opposing any pre-trial motion, including an opposing brief, are to be filed within fifteen (15) days after service of the movant's brief. Local Rule 7.6 warns that "[a]ny respondent who fails to comply with this Rule shall be deemed not to oppose such motion."

citing the standards announced in <u>Link v. Wabash Railroad Co.</u> 370 U.S. 626, 629 (1962); <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984); and <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991), forewarned Plaintiff that failure to timely respond would be deemed a failure to prosecute and result in dismissal of his action with prejudice under Rule 41(b).

**Discussion**

The relevant time period established by the December 18, 2006 Order has passed and Bartley has not responded to the pending dispositive motion nor sought an enlargement of time in which to do so. Furthermore, the Plaintiff has not made any submissions to this Court since the filing of his *in forma pauperis* application on November 30, 2005.

Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

In <u>Poulis</u>, the Third Circuit instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) extent of the party's personal involvement; (2)

prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994). Based on the Plaintiff's failure to respond to the Court's December 18, 2006 Order and his complete lack of action since November, 2005, an application of the Poulis factors weighs in favor of dismissal.

The Plaintiff's failure to respond to this Court's December 18, 2006 Order is deemed a failure to prosecute and his action is hereby dismissed, with prejudice. Judgment will be entered in favor of the Defendant.

_____
John E. Jones III
United States District Judge