IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EVERTON BARTLEY, :
:
    Plaintiff : CIVIL NO. 4:CV-05-2350
:
v. :
: (Judge Jones)
:
JOSEPH V. SMITH, WARDEN :
:
    Defendant :

## **MEMORANDUM**

February 2, 2007

**Background**

This *pro se* civil rights action was filed by Everton Bartley ("Plaintiff"), an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"). Named as sole Defendant is USP-Lewisburg Warden Joseph V. Smith. Service of the complaint was previously ordered.

In response to the complaint, the Defendant filed a motion to dismiss or in the alternative, for summary judgment. See doc. 18. After Plaintiff failed to respond to the Defendant's dispositive motion, this Court issued an Order on December 18, 2006, granting Bartley a final opportunity to January 22, 2007 in which to file and serve a

response to the pending dispositive motion. The Order forewarned Plaintiff that failure to timely respond would be deemed a failure to prosecute and result in dismissal of his action with prejudice under Rule 41(b). When this Court reviewed the docket of this matter on January 23, 2007 and discovered that an opposing brief had not been filed, an Order closing the case for failure to prosecute was issued. However, later that same day an opposing brief was filed by Bartley. Since the opposing brief was dated January 3, 2007, it will be deemed timely filed under the standards announced in Houston v Lack, 487 U.S. 266 (1988)( a prisoner's complaint is deemed filed at the time it is given to prison officials for mailing to the Court).

Bartley states that he was convicted of federal charges in the State of North Carolina. He is presently serving a life sentence. His complaint adds that he was also the subject of an Immigration Hearing but "no Deportation Order issued." Doc. 1, ¶ IV. Plaintiff claims that he was subjected to a discriminatory removal from his institutional employment. He correctly notes that his present claim was previously raised a habeas corpus petition, which this Court dismissed without prejudice. See Bartley v. Smith, Civil No. 4:CV-05-1742 (M.D. Pa. Aug. 2005)(Jones, J.).

Bartley's habeas corpus petition alleged that he was subjected to a "race based dismissal from UNICOR" caused by his supervisor's "biased attitude, conduct and

behavior." See id., doc. 1, ¶ 9(b). His petition added that although prison officials are apparently claiming that his job removal was due to the presence of an immigration detainer, that reasoning is flawed because although he was previously the subject of an "Immigration Hearing" and "there was no decision to deport me made at that time." Id. at (a). Bartley also noted that there was never an immigration proceeding initiated as a result of his ongoing federal sentence.

Plaintiff's present Complaint adds that his removal from institutional employment violated his due process rights under the Fifth Amendment. He contends that similarly situated prisoners still retain their prison jobs. Bartley also maintains that Bureau of Prisons' National Inmate Appeals Coordinator Harrell Watts conspired to conceal the discriminatory job removal. Plaintiff seeks preliminary injunctive relief, namely, reinstatement to his former prison employment with full back pay.

The Defendant claims entitlement to entry of summary judgment on the grounds that: (1) Bartley has no right to a prison job; (2) Warden Smith is entitled to qualified immunity; and (3) Plaintiff has not satisfied his burden for an award of preliminary injunctive relief.

**Discussion**

**Standard of Review**

As noted above, the Defendant has filed a motion seeking dismissal or in the alternative, entry of summary judgment. The motion is accompanied by evidentiary materials [documents] outside the pleadings which are relevant for purposes of both determining the issue of administrative exhaustion as well as their alternative arguments. Rule 12(b) provides in part as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). The Court will not exclude the evidentiary materials [documents] accompanying the Defendant's motion. Thus, it will be treated as solely seeking summary judgment.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of

4

> an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case." Celotex, supra, 106 S.Ct. at 2553 and 2554. Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment. Id. In evaluating a motion for summary judgment, the entire record must

5

be examined in the light most favorable to the nonmoving party.

**Prison Employment**

The Defendant admits that on August 12, 2004, Plaintiff was assigned to work in the USP-Lewisburg UNICOR factory.  On August 20, 2003, officials at USP–Lewisburg were notified via service of an immigration detainer that the Bureau of Immigration and Customs Enforcement ("ICE") had issued an order directing that Bartley be removed from this country and returned to his native Jamaica.[1]   Defendant adds "Jamaica readily accepts return of deported persons."  Doc. 19, p. 2.  As a result of the issuance of the removal order, BOP policy, specifically 28 C.F.R. § 345.35(a), prohibited Plaintiff from continuing in his UNICOR employment.  Consequently, Bartley was reassigned to another prison job on September 3, 2004.

Plaintiff's opposing brief asserts that he was "subjected to a race based dismissal from UNICOR caused by his Supervisor's biased attitude, conduct, and behavior."  Doc. 23, p.1.  He also indicates that USP-Lewisburg officials overlooked the fact that he was not afforded an immigration hearing.

An inmate does not have a protected liberty or property interest in continued prison employment.  James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989); Bryan v.

---

[1]   A copy of the immigration detainer which is dated August 20, 2003 has been submitted for consideration.  See Doc. 19, Exhibit 2.

Werner, 516 F.2d 233, 240 (3d Cir. 1975).  The right to earn wages while incarcerated is a privilege, not a constitutionally guaranteed right.

An inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest." Wilkins v. Bittenbender, 2006 WL 860140 *9 (M.D. Pa. March 31, 2006)(Conaboy, J.)(quoting Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995)).  See also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding inmates have no property interest in continuing in work-release program); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (finding Constitution does not create a property interest in prison employment).

Furthermore, under the requirements of § 345.35(a), since the Plaintiff was clearly under a current order of removal to a country that was likely to accept his return, he was ineligible for a UNICOR job assignment.  With respect to the Plaintiff's contention that an his job change was the result of his Supervisor's racially biased conduct, there are no facts alleged whatsoever to support this vague contention.  This argument is also undermined by the undisputed fact that Bartley was transferred from UNICOR to a different work assignment shortly after the issuance of a immigration detainer.  Thus, this is not a case where he was altogether denied institutional employment.

7

With respect to Bartley's apparent claim that the removal order is improper because he was not given an immigration hearing, it is not the obligation of correctional officials to investigate the legality of the removal order and resulting detainer.  However, they are mandated to take appropriate action upon receipt of a properly issued detainer. Furthermore, if Petitioner wishes to challenge the validity of a removal order he may seek relief from the Board of Immigration Appeals or an appropriate Court of Appeals.  A civil rights complaint filed against federal prison officials is simply not the proper method to challenge the legality of his removal order.

It is also noted that Bartley was reassigned to an alternative work assignment. Based upon the application of the above standards to the undisputed facts of this case, the Plaintiff's claim that he was improperly removed from his UNICOR job assignment does not set forth a valid claim of constitutional misconduct since he clearly had no protected right to a particular job assignment.

**Conspiracy**

Plaintiff generally alleges that Harrell Watts, National Inmate Appeals Administrator for the BOP, was part of a conspiracy for the purpose of covering up the improper termination of Plaintiff's UNICOR employment.

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).  The Court of Appeals for the Third Circuit has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations." Rose, 871 F.2d at 366.  Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."  Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right.  Id.; Rose, 871 F.2d at 366; Young v. Kann, 926 F.2d 1396 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be some specific facts in the

9

complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young, 926 F.2d at 1405 n.16 (3d Cir. 1991).

None of the Plaintiff's present allegations suggest that the job termination was motivated by a racial or otherwise class-based invidiously discriminatory animus. Furthermore, Bartley's bald assertions of conspiracy do not satisfy the pleading requirements of Rose, Deck, and Young. Specifically, there are no averments of fact in the complaint that reasonably suggest the presence of an agreement or concerted activity between any federal correctional officials to violate Plaintiff's civil rights. Accordingly, the motion for summary judgment will be granted with respect to Bartley's vague, wholly unsupported allegation of conspiracy.

**Qualified Immunity**

Defendant's final argument maintains that Warden Smith is entitled to qualified immunity. Specifically, the Defendant maintains that a finding of qualified immunity is appropriate because none of Plaintiff's clearly established constitutional rights were violated and Warden Smith acted in accordance with BOP policy.

Qualified immunity is an affirmative defense which must be pleaded by the

defendant official.  Id.; Verney v. Pennsylvania Turnpike Comm'n, 881 F. Supp. 145, 149 (M.D. Pa. 1995).  In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the United States Supreme Court held "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Id. at 818; Sherwood v. Mulvihill, 113 F.3d 396, 398-99 (3d Cir. 1997); Showers v. Spangler, 957 F. Supp. 584, 589 (M.D. Pa. 1997).  It has also been held that "qualified immunity is coextensive for suits brought against state officials under 42 U.S.C. § 1983 (1982), and for suits brought directly under the Constitution against federal officials."  People of Three Mile Island v. Nuclear Regulatory Commissioners, 747 F.2d 139, 144 n.9 (3d Cir. 1984) (citing Butz v. Economou, 438 U.S. 478, 504 (1978)).

The United States Supreme Court in Saucier v. Katz, 533 U.S. 194 (2001), established a two part test for analyzing qualified immunity claims.  See also Curley v. Klem, 298 F.3d 271 (3d Cir. 2002); Bennett v. Murphy, 274 F.3d 133 (3d Cir. 2002).  The initial inquiry in a qualified immunity examination is whether "the facts taken in the light most favorable to the plaintiff show a constitutional violation."  Bennett, 274 F.3d at 136.  The second prong requires a determination as to whether the constitutional right at issue was clearly established.  If so, then a court must inquire as to "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Saucier, 533 U.S. at 201.  A determination that the

conduct violated a clearly established constitutional right precludes the granting of qualified immunity.

Pursuant to the above discussion, the first prong of <u>Saucier</u> has not been satisfied with respect to the claims asserted against the Defendant. Further discussion of the Defendant's qualified immunity argument is not required.

**Conclusion**

A review of the Plaintiff's claims relating to the termination of his UNICOR institutional employment establishes that he has failed to establish a claim of constitutional misconduct sufficient enough to survive the Defendant's summary judgment arguments. Pursuant to the above discussion, the Defendant's motion for summary judgment will be granted. An appropriate Judgment will enter.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge